FILED
BRIAN S. DANIEL
APR 20 2021
9:32
CIRCUIT CLERK
CLARK COUNTY, ARKANSAS

In the Circuit Court of Clark County, Arkansas

Jennifer Hawthorne, on behalf of herself
and others similarly situated                                      Plaintiff

v.                                   Case No. 1DCU-21-47

Omnipoint Management Solutions LLC; and
DNF Associates, LLC                                              Defendants

## Class Action Complaint

1.      Omnipoint Management Solutions, LLC, attempted to collect debts
purchased by DNF Associates, LLC, from Plaintiff and putative class members by
sending debt collection letters through the United States mail to Arkansas consumers.
Omnipoint Management Solutions, LLC, however, is not a licensed collection agency in
the state of Arkansas and lacked the legal authority to collect debts in Arkansas while
it was attempting to collect debts for DNF Associates, LLC. Defendants Omnipoint
Management Solutions, LLC, and DNF Associates, LLC, are each "debt collectors" as
defined by the Arkansas Fair Debt Collection Practices Act (AFDCPA), Ark. Code Ann. §
17-24-501, et seq., and the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §
1692, et seq. Omnipoint Management Solutions, LLC, is an agent for DNF Associates,
LLC, which means DNF Associates, LLC is vicariously liable for Omnipoint Management
Solutions, LLC's violations of the AFDCPA and the FDCPA.

## Jurisdiction and Venue

2.      Jurisdiction of this Court arises under AR Const. Amend. 80, § 6; Ark. Code
Ann. § 16-23-201(a); and Ark. Code Ann. § 17-24-501, et seq.

3.     This action arises out of Defendants' violations of the Arkansas Fair Debt Collection Practices Act (AFDCPA), Ark. Code Ann. § 17-24-501, *et seq.*, and the Fair Debt Collection Practices Act (FDC)A), 15 U.S.C. § 1692, *et seq.*, in their illegal efforts to collect a consumer debt from Jennifer Hawthorne and class members.

4.     Venue is proper in Clark County, Arkansas, under Ark. Code Ann. § 16-60-101(a)(1) and (3)(A), because a substantial part of the events or omissions giving rise to the cause of action occurred in Clark County, Arkansas, and Jennifer Hawthorne resided in Clark County, Arkansas, at the time of the events or omissions giving rise to the cause of action.

5.     Defendants have transacted business within Arkansas by attempting to collect a debt from Hawthorne using the United States mail while she was located within and a resident of Arkansas.

6.     Defendant DNF Associates, LLC, is registered to do business in Arkansas, and is therefore subject to jurisdiction in Arkansas.

### *Plaintiff Jennifer Hawthorne*

7.     Jennifer Hawthorne is a citizen of Arkansas, residing in Clark County, Arkansas, and is a "consumer" as that term is defined by Ark. Code Ann. § 17-24-502(2) and 15 U.S.C. § 1692a(3).[1]

### *Defendants*

8.     The term "debt collector" has two prongs:

---

[1] *Reygadas v. DNF Associates, LLC*, 982 F.3d 1119 (8th Cir. 2020) ("…[W]e conclude the district court did not err in ruling as a matter of law that DNF is a 'debt collector' under § 1692a(6).").

    (a)   any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts; or

    (b)   any person who regularly collects or attempts to collect, directly or indirectly, debts owed or asserted to be owed or due another.[2]

### Defendant Omnipoint Management Solutions LLC

9.    Defendant Omnipoint Management Solutions, LLC (Omnipoint Mgmt. Solutions) is a foreign limited liability company, organized under New York law, with an address of 1902 Ridge Road, Suite 148, West Seneca, New York 14224.

10.    Omnipoint Mgmt. Solutions' registered agent is Universal Registered Agents, Inc. 274 Shufelt Road, Nassau, New York 12123.

### Omnipoint Mgmt. Solutions is a debt collector

11.    Omnipoint Mgmt. Solutions is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Ark. Code Ann. § 17-24-502(5)(A).

12.    Omnipoint Mgmt. Solutions uses instrumentalities of interstate commerce of the mails in its business the principal purpose of which is the collection of debts.

13.    Omnipoint Mgmt. Solutions regularly collects or attempts to collect, directly or indirectly, debts owed or asserted to be owed or due another, including DNF Associates, LLC.

---

[2] 15 U.S.C. § 1692a(6).

14.    Omnipoint Mgmt. Solutions attempted to collect debts from Hawthorne and other Arkansas consumers through collection letters.[3]

### Defendant DNF Associates LLC

15.    DNF Associates LLC (DNF Assocs.), is a foreign limited liability company with an address of 2351 North Forest Road, Suite 110, Getzville, New York 14068.

16.    DNF Assocs.'s registered agent is Cogency Global, Inc., 1214 Twin Lakes Drive, Little Rock, AR 72205.

### DNF Assocs. is a debt collector

17.    DNF Assocs. is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Ark. Code Ann. § 17-24-502(5)(A).

18.    DNF Assocs. uses instrumentalities of interstate commerce of the mails in its business the principal purpose of which is the collection of debts.

19.    DNF Assocs. purchases defaulted accounts of consumer debt and then attempts to collect these debts via telephone calls, collection letters, and suing.

20.    DNF Assocs. does not originate loans or extend credit to consumers.

21.    DNF Assocs. purchases defaulted consumer debts for pennies on the dollar, so that it can derive large profits from collecting on the consumer debt it purchases.

22.    After purchasing defaulted consumer debts, DNF Assocs. contracts with other debt collectors across the country, including (Omnipoint Mgmt. Solutions) to collect the consumer debts.

---

[3] See attached Exhibit 1.

23.   DNF Assocs. supplies these hired debt collectors with information about the debts and personal information about the consumers who allegedly owe the debt to aid in the collection of the debt.

24.   The debt collectors then contact the consumers in DNF Assocs.' name and at DNF Assocs.' direction.

25.   DNF Assocs. further participates in the debt collection process by setting parameters of the terms and amounts of payments made by the consumers towards the debt.

26.   If DNF Assocs. is not satisfied with one debt collector's efforts in the collecting the debt, it hires another debt collector to collect on the debt from consumers.

27.   Any debt collector who collects payments on the consumer debt, then sends a portion of that payment to DNF Assocs. through electronic funds transfers or the U.S. Mail.

28.   If a debt collector cannot collect on the debt from a consumer, DNF Assocs. hires lawyers and law firms, who are also debt collectors to collect on the debt by suing the consumer, obtaining a judgment, and executing on the judgment by wage or account garnishments.

29.   Since September 7, 2016, DNF Assocs. has filed at least 57 debt collection lawsuits in Arkansas.

30.   Upon information and belief, 100%of DNF Assocs.' business is devoted to debt collection.

31.   Upon information and belief, 100% of DNF Assocs.' resources are devoted to debt collection.

32.    Upon information and belief, 100% of DNF Assocs.' revenue is derived from debt collection.

33.    Upon information and belief, 100% of DNF Assocs.' expenses are related to debt collection.

34.    On April 19, 2016, DNF Assocs. applied for a collection agency license with the Arkansas State Board of Collection Agencies.

35.    The Arkansas State Board of Collection Agencies granted DNF Assocs.' application.

36.    DNF Assocs. is a licensed "collection agency" with the Arkansas State Board of Collection Agencies.

37.    The term "collection agency" has three prongs:

   (a)    any person, partnership, corporation, association, limited liability corporation, or firm, which engages in the collection of delinquent account, bills, or other forms of indebtedness owed or due to be owed or due to another; or

   (b)    any person, partnership, corporation, association, limited liability corporation, or firm which solicits claims for collection; or

   (c)    any person, partnership, corporation, association, limited liability corporation, or firm that purchases and attempts to collect delinquent accounts or bills.[4]

38.    DNF Assocs.' license with the Arkansas State Board of Collection Agencies means it meets at least one of the three prongs of the term "collection agency."

---

[4] Ark. Code Ann. § 17-24-501.

## Factual Allegations Concerning Hawthorne

39.   Within one-year immediately preceding filing this pleading, Defendants attempted to collect from Hawthorne a financial obligation primarily for personal, family, or household purposes, which is therefore a "debt" as that term in defined by Ark. Code Ann. § 17-24-502(4) and 15 U.S.C. § 1692a(5), namely a defaulted Bank of Missouri credit card account.

40.   Hawthorne applied for and received a The Bank of Missouri credit account.

41.   The Bank of Missouri is an FDIC insured bank that operates under federal banking law.

42.   The Bank of Missouri offers credit financing for credit accounts.

43.   Hawthorne applied for and received a credit account from The Bank of Missouri for a Matrix credit card.

44.   Hawthorne used her The Bank of Missouri credit account to make purchases for personal, family, or household purposes.

45.   Hawthorne defaulted on her The Bank of Missouri account.

46.   DNF Assocs. purchased portfolios of defaulted The Bank of Missouri accounts that included Hawthorne's defaulted credit account.

47.   DNF Assocs. retained Omnipoint Mgmt. Solutions to collect Hawthorne's account.

48.   Ominpoint Mgmt. Solutions' pattern and practice in collecting defaulted The Bank of Missouri accounts purchased by DNF Assocs. was to send collection letters to Arkansas citizens even though Omnipoint Mgmt. Solutions did not have a collection agency license issued by the Arkansas State Board of Collection Agencies and did not have any legal authority to collect debts from Arkansas citizens.

49.   On or about May 15, 2020, Omnipoint Mgmt. Solutions mailed Hawthorne the collection letter attached as Exhibit 1.

50.   Hawthorne received the collection letter at her home in Clark County, Arkansas soon thereafter.

*Factual Allegations Concerning Defendants' Practices in General*

51.   Defendants regularly attempt to collect debts that are incurred for personal, family or household products, from individuals who are Arkansas citizens, who reside in Arkansas and who have defaulted on consumer debts.

52.   Defendants collect these debts through litigation, even though Omnipoint Mgmt. Solutions was not licensed by the Arkansas State Board of Collection Agencies.

53.   DNF Assocs. knew when it hired Omnipoint Mgmt. Solutions to collect The Bank of America credit accounts from Hawthorne and other Arkansas citizens that Omnipoint Mgmt. Solutions was required to obtain a collection agency license from the State Board of Collection Agencies prior to collecting the debts.

54.   Omnipoint Mgmt. Solution's failure to obtain a collection agency license renders its purchase of and attempts to collect delinquent accounts by filing lawsuits against Arkansas consumers unlawful:

Unless licensed by the State Board of Collection Agencies under this subchapter it is unlawful to:

(1)   Engage in the collection of delinquent accounts, bills, or other forms of indebtedness;

(2)   Use a fictitious name or any name other than their own in the collection of their own accounts receivable;

(3)   Solicit claims for collection; or

8

    (4)    Purchase and attempt to collect delinquent accounts or bills.[5]

55.    DNF Assocs. is a licensed collection agency.

56.    DNF Assocs. knew, that at the time it retained Omnipoint Mgmt. Solutions to collect debts from Arkansas citizens that Omnipoint Mgmt. Solutions was required to have a collection agency licensed from the State Board of Collection Agencies.

57.    At the time of the acts and omissions complained of herein, Omnipoint Mgmt. Solutions and DNF Assocs. were principal and agent, participating in a joint enterprise, or partners. Therefore, any violations of the AFDCPA and the FDCPA by Omnipoint Mgmt. Solutions is charged to DNF Assocs. with respect to the claims Hawthorne.

### Class Action Allegations

58.    Hawthorne brings this claim on behalf of a class.

59.    Hawthorne's proposed class (the Class) is defined under Ark. R. Civ. P. 23(a) and (b) as all individuals in Arkansas to whom Omnipoint Mgmt. Solutions sent a letter:

    (a)    which identified DNF Assocs. as the Current Creditor;

    (b)    which identified The Bank of Missouri / Matrix as the Original Creditor;

    (c)    which sought to collect a debt; and

    (d)    which was sent on or after one year prior to the filing of this civil action.

60.    Upon information and belief, the Class is so numerous that joinder of all members is not practicable.

---

[5] See Ark. Code Ann. § 17-24-301.

61.     The class has been affected by the same conduct. The common questions of law and fact that predominate over any questions of affecting only individual members of the class. These questions include:

   (a)     whether Defendants are debt collectors as defined by the AFDCPA, Ark. Code Ann. § 17-24-502(2), and the FDCPA, 15 U.S.C. § 1692a(6);

   (b)     whether Defendants' conduct violates the AFDCPA, Ark. Code Ann. § 17-24-506(a), and the FDCPA, 15 U.S.C. § 1692e;

   (c)     whether Defendants' conduct violates the AFDCPA, Ark. Code Ann. § 17-24-506(b)(5), and the FDCPA, 15 U.S.C. § 1692e(5);

   (d)     whether Defendants' conduct violates the AFDCPA, Ark. Code Ann. § 17-24-506(b)(10), the FDCPA, 15 U.S.C. § 1692e(10);

   (e)     whether Defendants' conduct violates the AFDPCA, Ark. Code Ann. § 17-24-507, and the FDCPA, 15 U.S.C. § 1692f;

   (f)     whether Defendants' conduct violates the AFDCPA, Ark. Code Ann. § 17-24-507(b)(1), and the FDCPA, 15 U.S.C. § 1692f(1);

62.     Hawthorne's claims are typical of the claims of the class members as all are based on the same factual and legal claims. Hawthorne's claims and the class members were uniformly subjected to the same conduct.

63.     Hawthorne will fairly and adequately represent the class members' interests and has retained counsel who are qualified to pursue this litigation. Hawthorne's attorneys are experienced in prosecuting claims for consumers under the AFDCPA and the FDCPA and handling AFDCP and FDCPA class actions.

64.     Hawthorne is committed to vigorously pursuing her claims.

65.    A class action is superior for the fair and efficient adjudication of the class member's claims as the Arkansas Legislature and the U.S. Congress specifically envisioned class actions as the principal means of enforcing the AFDCPA and the FDCPA.[6] The class members are generally unsophisticated consumers, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by class members would also create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards and would not be in the best interest of judicial economy.

66.    A class action regarding the issues in this case with respect to the class does not create any problems of manageability

### Summary

67.    Defendants' debt collection litigation against Hawthorne and class members without Omnipoint Mgmt. Solutions obtaining a collection agency license materially mislead them as to their rights under the AFDCPA and the FDCPA, and which affected and frustrated Hawthorne's and the class members' ability to intelligently respond to Defendants' collection efforts.

68.    All of the communications as alleged herein by Defendants constitute false and deceptive communications made in violation of numerous and multiple provisions of the AFDCPA and the FDCPA including but not limited to all of the provisions cited herein, amongst others.

---

[6] Ark. Code Ann. § 17-24-512 and 15 U.S.C. § 1692k.

### Causes of Action

#### Count I – Violations of the AFDCPA, brought by Hawthorne individually and on behalf of the Class

69.    Hawthorne incorporates by reference all of the above paragraphs of this Complaint, as though fully stated herein.

70.    Defendants engaged in unfair and false acts and practices, in violations of the AFDCPA, Ark. Code Ann. §§ 17-24-506(a), 17-24-506(b)(5), 17-24-506(b)(10), 17-24-507(a), and 17-24-507(b)(1).

71.    The foregoing acts and omissions of Defendants and their agents constitute a violation of the AFDCPA, Ark. Code Ann. §§ 17-24-506(a), 17-24-506(b)(5), 17-24-506(b)(10), 17-24-507(a), and 17-24-507(b)(1). with respect to Hawthorne and the class members.

72.    Section 17-24-506 provides:

(a)    A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

(b)    Without limiting the general application of the foregoing, the following conduct is a violation of this section...

    (5) The threat to take any action that cannot legally be taken or that is not intended to be taken...[or]

    (10)  The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer...

73.    Section 17-24-507 provides:

(a)    A debt collector may not use unfair or unconscionable means to collect or attempt to collect a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(1)   The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

74.   A debt collector's failure to obtain or register with a states' licensing agency, coupled with deceptive conduct or misrepresentations of legal authority to collect debt in a state, violate the AFDCPA.[7]

75.   As a result of Defendants' violations of the AFDCPA, Hawthonre, individually, is entitled to statutory damages in an amount up to $1,000.00 under Ark. Code Ann. § 17-24-512(a)(2)(A).

76.   As a result of Defendants' violations of the AFDCPA, the class members are entitled to statutory damages in an amount not to exceed the lesser of $500,000 or 1 per centum (1%) of the net worth of Defendants under Ark. Code Ann. § 17-24-512(a)(2)(B)(ii).

77.   As a result of Defendants' violations of the AFDCPA, the class members are entitled to actual damages under Ark. Code Ann. § 17-24-512(a)(1), including any payments made to Defendants after receiving the debt collection letters.

---

[7] See e.g. *Collins v. Erin Capital Mgmt., L.L.C.*, 991 F. Supp. 2d (S.D. Fla. 2013) (debt collector's conduct violated the FDCPA where it failed to register with the state as a debt collector, misrepresented its legal authority to seek garnishment, but nevertheless pursued garnishments); *see also Lopez v. Law Offices of Faloni & Assoc.*, 2016 WL 4820629 (D.N.J., Sept. 14, 2016) (debt collector's representation in a collection complaint that it had the right to collect a debt when, in fact, it lacked the license required to initially purchase the debt, violated, at a minimum 15 U.S.C. § 1692e(10)); *Scott v. J. Anthony Cambece Law Office, P.C.*, 600 F. Supp. 2d 479 (E.D.N.Y. 2009) (complaint stated FDCPA claim against defendant law firm for collecting debt without debt collection license as required by applicable New York City municipal code, since code does not contain *per se* exemption for attorneys); *Gray v. Unifund CCR Partners*, 2007 WL 4260017 (D. Haw. Dec. 4, 2007) (unlicensed collection agency violated § 1692e(5) because it threatened to take action that it could not legally take); *Midland Funding, L.L.C. v. Juba*, 2017 WL 716331 (Mass. App. Div. Feb. 15, 2017) (rejecting "passive debt buyer" argument; failure to obtain a Mass. debt collection license violated FDCPA).

78.    As a result of Defendants' violations of the FDCPA, Hawthorne, and the

class members are entitled to an award of attorney's fees and costs under 15 U.S.C. §

1692k(a)(3), from Defendants.

### Count II – Violations of the FDCPA, brought by Hawthorne individually and on behalf of the Class

79.    Hawthorne incorporates by reference all of the above paragraphs of this

Complaint, as though fully stated herein.

80.    Defendants engaged in unfair and false acts and practices, in violations of

the FDCPA, 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, and

1692f(1).

81.    The foregoing acts and omissions of Defendants and their agents

constitute a violation of the FDCPA, 15 U.S.C. § 1692e, 1692e(2), 1692e(5),

1692e(10), 1692f, and 1692f(1), with respect to Hawthorne and the class members.

82.    Section 1692e provides:

A debt collector may not use any false, deceptive, or misleading
representation or means in connection with the collection of any debt.
Without limiting the general application of the foregoing, the following
conduct is a violation of this section...

(2) The false representation of—

(A)    the character, amount, or legal status of any debt...[or]

(6) The threat to take any action that cannot legally be taken or that
is not intended to be taken...[or]

(10)  The use of any false representation or deceptive means to
collect or attempt to collect any debt or to obtain information
concerning a consumer...

83.    Section 1692f provides:

14

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(2)   The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

84.   A debt collector's failure to obtain or register with a states' licensing agency, coupled with deceptive conduct or misrepresentations of legal authority to collect debt in a state, violate the FDCPA.[8]

85.   As a result of Defendants' violations of the FDCPA, Hawthorne, individually, is entitled to statutory damages in an amount up to $1,000.00 under 15 U.S.C. § 1692k(a)(2)(A).

86.   As a result of Defendants' violations of the FDCPA, the class members are entitled to statutory damages in an amount not to exceed the lesser of $500,000 or 1 per centum (1%) of the net worth of Defendants under 15 U.S.C. § 1692k.

87.   As a result of Defendants' violations of the FDCPA, the class members are entitled to actual damages under 15 U.S.C. § 1692k(a)(2)(A), including any payments made to Defendants after receiving the debt collection letters.

---

[8] See e.g. *Collins v. Erin Capital Mgmt., L.L.C.*, 991 F. Supp. 2d (S.D. Fla. 2013) (debt collector's conduct violated the FDCPA where it failed to register with the state as a debt collector, misrepresented its legal authority to seek garnishment, but nevertheless pursued garnishments); *see also Lopez v. Law Offices of Faloni & Assoc.*, 2016 WL 4820629 (D.N.J., Sept. 14, 2016) (debt collector's representation in a collection complaint that it had the right to collect a debt when, in fact, it lacked the license required to initially purchase the debt, violated, at a minimum 15 U.S.C. § 1692e(10)); *Scott v. J. Anthony Cambece Law Office, P.C.*, 600 F. Supp. 2d 479 (E.D.N.Y. 2009) (complaint stated FDCPA claim against defendant law firm for collecting debt without debt collection license as required by applicable New York City municipal code, since code does not contain *per se* exemption for attorneys); *Gray v. Unifund CCR Partners*, 2007 WL 4260017 (D. Haw. Dec. 4, 2007) (unlicensed collection agency violated § 1692e(5) because it threatened to take action that it could not legally take); *Midland Funding, L.L.C. v. Juba*, 2017 WL 716331 (Mass. App. Div. Feb. 15, 2017) (rejecting "passive debt buyer" argument; failure to obtain a Mass. debt collection license violated FDCPA).

88.   As a result of Defendants' violations of the FDCPA, Hawthorne, and the

class members are entitled to an award of attorney's fees and costs under 15 U.S.C. §

1692k(a)(3), from Defendants.

## Jury Demand

89.   Hawthorne demands a trial by jury.

## Prayer for Relief

90.   Plaintiff Jennifer Hawthorne prays that judgment be entered against

Defendants for statutory damages, actual damages, costs of litigation and attorney's

fees, and for other such relief as may be proper and just.

By:   _Corey D. McGaha_
      Corey D. McGaha
      Ark. Bar No. 2003047
      COREY D. MCGAHA PLLC
      5507 Ranch Drive
      Suite 104-D
      Little Rock, AR 72223
      Phone: (501) 205-4026
      Fax: (501) 367-8208
      cmcgaha@mcgahalaw.com

      Todd M. Turner
      Ark. Bar No. 92266
      Dan O. Turner
      Ark. Bar No. 97179
      TURNER AND TURNER, PA
      501 Crittenden Street
      P.O. Box 480
      Arkadelphia, AR 71923
      Phone: (870) 246-9844
      Fax: (888) 866-9897
      todd@tandt.net
      dan@tandt.net